IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES HALL,<br>*on behalf of himself as well*<br>*as all others similarly situated,*<br><br>  Plaintiff,<br><br>v.<br><br>TCB & ASSOCIATES, INC.<br><br>  Defendant. | CASE NO:<br>09-CV-1304-WSD<br><br>JURY TRIAL<br>DEMANDED |

## PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff JAMES HALL ("Plaintiff"), responds to Defendant's Motion to Dismiss ("Motion") and states as follows:

Defendant moves to dismiss the Complaint in this matter pursuant to Fed.R.Civ.P.12(b) (6) alleging that Plaintiff has failed to properly state a claim upon which relief can be granted. Specifically, Defendant asserts that Plaintiff has not properly complied with the opt-in provisions of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 216(b), in that Plaintiff has filed this lawsuit based on a improperly styled consent. Plaintiff asserts that dismissing his action is an

extraordinary remedy that is not required in light of the fact that he no longer wishes maintain this action as a collective action, but rather as an individual action.

## I. MOTION TO DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *See* Fed. R. Civ. P. 12(b), *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir. 1990), and construes the complaint liberally in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The lawsuit may not be dismissed unless the plaintiff can demonstrate no set of facts in opposition to the relief requested. *See Id.* at 236; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). Defendant's Motion should fail because Plaintiff has contemporaneously filed a Motion to amend his complaint to proceed as a single Plaintiff. He no longer wishes to maintain this action as a collective action, thus the requirements of filing consent to join are not applicable.

## II. ARGUMENT

On May 15, 2009, Plaintiff filed a complaint in this matter alleging violations of the Fair Labor Standards Act. Plaintiff signed two consents to join in this matter; however, the wrong consent was inadvertently filed. Upon learning of this Scribner's error, Plaintiff did not re-file the correct consent, because he wishes

to proceed as an individual Plaintiff in this matter. To that end, he has contemporaneously filed a Motion to amend his complaint.

While Defendant is correct that named Plaintiffs must file a consent to join a collective action, there is no such requirement for individual actions. 29 U.S.C. § 256(b). In fact, some Courts faced with FLSA cases without filed consents have opted to convert the Plaintiff's complaint to an individual action on their own accord. *See* Exhibit A. In doing so, those Courts found that, "Although there is a procedural deficiency where the written consent was not filed, it does not necessarily follow that the Defendant's motion [to dismiss] must be granted. There is nothing in section 216(b) or section 256 that requires the Court to dismiss a complaint where a written consent has not been filed. *See* 29 U.S.C. §§ 216(b) & 256. As the text of section 256 provides, where an action brought pursuant to the FLSA is not a collective or class action, the action commences on the date the complaint is filed; there is no written consent requirement. *See* 29 U.S.C. § 256. Although the Plaintiff specifically invoked section 216(b) and designated the complaint as an opt-in complaint, thus purportedly seeking a collective action, the Court does not find it necessary to dismiss the complaint if the Plaintiff wishes to proceed as an individual action." *Lago v. Amoa Const. & Development Corp.*, No. CIV.A. 08-20994, 2008 WL 4540062, at *2 (S.D. Fla. Oct. 10, 2008).

3

## III. CONCLUSION

Federal Rule 15 requires that "leave [to amend] shall be freely given when justice so requires." In the instant case, justice requires that Plaintiff be permitted to remove the collective action language and proceed as an individual Plaintiff. No party will be prejudiced by the granting of this Motion and judicial economy will be preserved. Accordingly, Plaintiff respectively requests that Defendant's Motion to Dismiss be rendered moot, and his Motion to amend his complaint be granted.

This the 31st day of July, 2009.

Respectfully Submitted,

/s/Deirdre M. Stephens
Deirdre M. Stephens, Esq.
GA BAR # 678789
Morgan & Morgan, PA
191 Peachtree Street
Suite 4200
Atlanta, GA 30303
404-965-8811

## CERTIFICATION OF COMPLIANCE

Pursuant to N.D. Ga. LR 7.1D, this certifies that Plaintiff's Response in Opposition to Defendant's Motion to Dismiss has been prepared using Times New Roman (14 point), as required by N.D. Ga. LR 5.1B.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all attorneys of record.

/s/ Deirdre M. Stephens
Deirdre M. Stephens, Esq.

Morgan & Morgan, PA
191 Peachtree Street
Suite 4200
Atlanta, GA 30303
404-965-8811